MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
RAYMUNDO VAZQUEZ ANGEL and
ABRAHAM COMUNIDAD, *individually and*
*on behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiffs*, | **COMPLAINT** |
|  | **COLLECTIVE ACTION UNDER 29** |
|  | **U.S.C. § 216(b)** |
| -against- | **ECF Case** |

NG & LIN CO, INC (d/b/a SZECHUAN
KITCHEN), SAMMY LIN and CHUNG NG,

                            *Defendants.*
--------------------------------------------------------X

Plaintiffs Raymundo Vazquez Angel and Abraham Comunidad, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Ng & Lin Co, Inc. (d/b/a Szechuan Kitchen) ("Defendant Corporation") and Individual Defendants Sammy Lin (Defendant Lin) and Chung Ng (Defendant Ng), allege as follows:

<u>**NATURE OF THE ACTION**</u>

1.      Plaintiffs are current employees of defendants Ng & Lin Co, Inc. (d/b/a Szechuan Kitchen), Sammy Lin and Chung Ng (collectively, "Defendants").

2.       Defendants own, operate, or control a Chinese restaurant located at 1518 First Avenue #1, New York, NY 10075 under the name "Szechuan Kitchen."

3.      Upon information and belief, individual defendants Sammy Lin and Chung Ng serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiffs have been ostensibly employed by Defendants as delivery workers and a food preparer.

5.      However, when employed as delivery workers, Plaintiffs have been required to spend a considerable part of their work day performing non-tipped duties including but not limited to, various restaurant duties such as cutting vegetables, meat, food preparation, cleaning the kitchen and the refrigerator (hereinafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiffs have worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for the hours that they have worked each week.

7.      Rather, Defendants have failed to maintain accurate recordkeeping of the hours worked, and have failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants have failed to pay Plaintiffs the required "spread of hours" pay for any day in which they have worked over 10 hours per day.

9.      Defendants have employed and accounted for Plaintiffs as delivery workers in their payroll, but in actuality their duties have required a significant amount of time spent in non-tipped, non-delivery duties.

10.     Regardless, Defendants have paid these plaintiffs at a rate that was lower than the required tip-credit rate.

11.    Under state law, Defendants have not been entitled to take a tip credit because Plaintiffs' non-tipped duties have exceeded 20% of each workday (12 N.Y.C.R.R. §146-2.9).

12.    Upon information and belief, Defendants have employed the policy and practice of disguising Plaintiffs' actual duties in payroll records to avoid paying Plaintiffs at the minimum wage rate and to enable them to pay Plaintiffs at the lower tip-credited rate (which they have still failed to do), by designating them delivery workers instead of non-tipped employees.

13.    Defendants' conduct has extended beyond Plaintiffs to all other similarly situated employees.

14.    Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

15.    Plaintiffs seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

16.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

17.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims have occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Chinese restaurant located in this district. Further, Plaintiffs have been employed by Defendants in this district.

## THE PARTIES

### *Plaintiffs*

18.     Plaintiff Raymundo Vazquez Angel ("Plaintiff Vazquez" or "Mr. Vazquez") is an adult individual residing in New York County, New York.  Plaintiff Vazquez has been employed by Defendants from approximately July 30, 2016 until the present date.

19.     Plaintiff Abraham Comunidad ("Plaintiff Comunidad" or "Mr. Comunidad") is an adult individual residing in Kings County, New York.  Plaintiff Comunidad has been employed by Defendants from approximately August 2005 until the present date.

### *Defendants*

20.     At all relevant times, Defendants have owned, operated, or controlled a Chinese restaurant located at 1518 1st Avenue #1 New York, NY 10075 under the name "Szechuan Kitchen."

21.     Upon information and belief, Ng & Lin Co, Inc. (Defendant Corporation) is a domestic corporation organized and existing under the laws of the State of New York.

22.     Upon information and belief, Defendant Corporation maintains its principal place of business at 1518 1st Avenue #1 New York, NY 10075 and its executive office at 400 E. 76th Street #3W, New York, New York, 10021.

23.    Defendant Sammy Lin is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

24.    Defendant Sammy Lin is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation.

25.    Defendant Sammy Lin possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.    Defendant Chung Ng is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

27.     Defendant Chung Ng is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation.

28.    Defendant Chung Ng possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

29.    Defendants operate a Chinese restaurant located in the Upper East Side of Manhattan.

30.     The individual defendants, Sammy Lin and Chung Ng possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

31.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.     Each Defendant possesses substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

33.     Defendants jointly employ Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

34.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

35.     Upon information and belief, individual defendants Sammy Lin and Chung Ng operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a.  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a corporation,

    b.  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c.  transferring assets and debts freely as between all Defendants,

    d.   operating Defendant Corporation for their own benefit as the sole or majority shareholders,

    e.   operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation,

    f.   intermingling assets and debts of their own with Defendant Corporation,

    g.   diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

    h.   other actions evincing a failure to adhere to the corporate form.

36.    At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.  Defendants have had the power to hire and fire Plaintiffs, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for Plaintiffs' services.

37.    In each year from 2011 to the present, Defendants, both separately and jointly, have had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.    In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce. As an example, numerous items that are used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

39.    Plaintiffs are current employees of Defendants who have been ostensibly employed as delivery workers and a food preparer. However, when employed as delivery workers, they have spent over 20 percent of their work hours performing the non-tipped/non-delivery duties described above.

40.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Raymundo Vazquez Angel*

41.     Plaintiff Vazquez has been employed by Defendants from approximately July 30, 2016 until the present date.

42.     Defendants ostensibly have employed Plaintiff Vazquez as a delivery worker.

43.     However, Plaintiff Vazquez has also been required to spend a significant portion of his work day performing the non-tip duties described above.

44.     Although Plaintiff Vazquez ostensibly has been employed as a delivery worker, he has spent over twenty percent of each work day performing the non-tip work described above.

45.     Plaintiff Vazquez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

46.     Plaintiff Vazquez's work duties required neither discretion nor independent judgment.

47.     Throughout his employment with Defendants, Plaintiff Vazquez regularly worked in excess of 40 hours per week.

48.     From approximately July 30, 2016 until the present date, Plaintiff Vazquez has worked from approximately 11:00 a.m. until on or about 10:00 p.m., Tuesdays through Fridays and from approximately 11:00 a.m. until on or about 10:15 p.m. on Saturdays and Sundays (typically 66.5 hours per week).

49.     Throughout his employment with defendants, Plaintiff Vazquez has been paid his wages in cash.

50.     From approximately July 30, 2016 until the present date, Plaintiff Vazquez has been paid a fixed salary of $325 per week.

51.     Plaintiff Vazquez's pay has not varied even when he has been required to stay later or work a longer day than his usual schedule.

52.     For example, Defendants have required Plaintiff Vazquez to work an additional 15 minutes after his departure time at least two days every week and have not paid him for the additional time he has worked.

53.     Plaintiff Vazquez has never been notified by Defendants that his tips are being included as an offset for wages.

54.     Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Vazquez's wages.

55.     Defendants have not granted Plaintiff Vazquez any breaks.

56.     No notifications, either in the form of posted notices or other means, have ever been given to Plaintiff Vazquez regarding overtime and wages under the FLSA and NYLL.

57.     Plaintiff Vazquez has not been required to keep track of his time, nor to his knowledge have Defendants utilize any time tracking devices such as punch cards, that accurately reflect his actual hours worked.

58.     Furthermore, Defendants have not provided Plaintiff Vazquez with a statement of wages with each payment of wages, as required by NYLL 195(3).

59.     Defendants have never given any notice to Plaintiff Vazquez, in English and in Spanish (Plaintiff Vazquez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

60.    Defendants have required Plaintiff Vazquez to purchase "tools of the trade" with his own funds—including a bike, helmet, vest, chain, lock and raincoat.

*Plaintiff Abraham Comunidad*

61.    Plaintiff Comunidad has been employed by Defendants from approximately August 2005 until the present date.

62.    Defendants have employed Plaintiff Comunidad as a food preparer and ostensibly as a delivery worker.

63.    However, when employed as a delivery worker, Plaintiff Comunidad also was required to spend a significant portion of his work day performing the non-tip duties described above.

64.    When ostensibly employed as a delivery worker, Plaintiff Comunidad spent over twenty percent of each work day performing the non-tip work described above.

65.    Plaintiff Comunidad regularly has handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

66.    Plaintiff Comunidad's work duties have required neither discretion nor independent judgment.

67.    Throughout his employment with Defendants, Plaintiff Comunidad regularly has worked in excess of 40 hours per week.

68.    From approximately August 2011 until on or about December 2014, Plaintiff Comunidad worked as a delivery worker from approximately 11:00 a.m. until on or about 10:00 p.m. or 10:15 p.m., Tuesdays through Sundays (typically 67.5 hours per week).

69.     From approximately December 2014 until the present date, Plaintiff Comunidad has worked as a food preparer from approximately 11:00 a.m. until on or about 10:00 p.m. or 10:15 p.m., Tuesdays through Sundays (typically 67.5 hours per week).

70.     Throughout his employment with defendants, Plaintiff Comunidad has been paid his wages in cash.

71.     From approximately August 2011 until on or about December 2014, Plaintiff Comunidad was paid a fixed salary of $300 per week.

72.     From approximately December 2014 until on or about August 15, 2017, Plaintiff Comunidad was paid a fixed salary of $550 per week.

73.     From approximately August 15, 2017 until the present date, Plaintiff Comunidad has been paid a fixed salary of $600 per week.

74.     Plaintiff Comunidad's pay has not varied even when he has been required to stay later or work a longer day than his usual schedule.

75.     For example, Defendants regularly have required Plaintiff Comunidad to work an additional 15 minutes after his departure time, and have not paid him for the additional time he has worked.

76.     Plaintiff Comunidad was never notified by Defendants that his tips were being included as an offset for wages.

77.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Comunidad's wages.

78.     Defendants have not granted Plaintiff Comunidad any breaks during his employment.

79.    No notifications, either in the form of posted notices or other means, have ever been given to Plaintiff Comunidad regarding overtime and wages under the FLSA and NYLL.

80.    Plaintiff Comunidad has not been required to keep track of his time, nor to his knowledge have Defendants utilize any time tracking devices such as punch cards, that accurately reflect his actual hours worked.

81.    Furthermore, Defendants have not provided Plaintiff Comunidad with a statement of wages with each payment of wages, as required by NYLL 195(3).

82.    Defendants have never given any notice to Plaintiff Comunidad, in English and in Spanish (Plaintiff Comunidad's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

83.    Defendants have required Plaintiff Comunidad to purchase "tools of the trade" with his own funds—including two bicycles, locks, and chains.

*Defendants' General Employment Practices*

84.    At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, overtime and spread of hours pay as required by federal and state laws.

85.    Plaintiffs have been victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

86.    Defendants' pay practices have resulted in Plaintiffs not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

87.     At no time have Defendants informed Plaintiffs that they have reduced their hourly wage by a tip allowance.

88.     Defendants habitually have required Plaintiffs to work additional time beyond their regular shifts but have not provided them with any additional compensation.

89.     Defendants have required Plaintiffs to perform general non-tipped restaurant tasks in addition to their primary duties as delivery workers.

90.     Plaintiffs have been employed ostensibly as tipped employees by Defendants, although their actual duties have included a significant amount of time spent performing non-tipped duties.

91.     These Plaintiffs have not even been paid at a lowered tip-credited rate by Defendants.

92.     However, under state law, Defendants have not been entitled to a tip credit because Plaintiffs' non-tipped duties have exceeded 20% of each workday (12 N.Y. C.R.R. § 146).

93.     New York State regulations provide that an employee cannot be classified as a tipped employee "on any day... in which he was assigned to work in an occupation in which tips are not customarily received."  (12 N.Y.C.R.R. §§146). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

94.     Plaintiffs' duties have not been incidental to their occupation as delivery workers, but instead have constituted entirely unrelated general restaurant work with duties including the non-tipped duties described above.

95.     In violation of federal and state law, as discussed above, Defendants have classified Plaintiffs as tipped employees but have not even paid them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

96.     Defendants have failed to inform Plaintiffs that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

97.     Defendants have failed to inform Plaintiffs that their tips would be credited towards the payment of the minimum wage.

98.     Defendants have failed to maintain a record of tips earned by Plaintiffs for the deliveries they made to customers.

99.     All Plaintiffs have been paid their wages entirely in cash.

100.    Defendants willfully have disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

101.    Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

102.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

103.    Defendants' unlawful conduct has been intentional, willful, in bad faith, and has caused significant damages to Plaintiffs and other similarly situated current and former workers.

104.    Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

105.    Defendants have failed to provide Plaintiffs and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

106.    Defendants have failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

107.    Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all

similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

108.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or were similarly situated, have had substantially similar job requirements and pay provisions.

109.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or were similarly situated, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

110.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or were similarly situated, have been subject to Defendants' willful failure to keep records required by the FLSA.

111.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

112.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

113.     At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants have had the power to hire and fire Plaintiffs, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for their employment.

114.     At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

115.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

116.    In violation of 29 U.S.C. § 206(a), Defendants have failed to pay Plaintiffs at the applicable minimum hourly rate.

117.    Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate has been willful within the meaning of 29 U.S.C. § 255(a).

118.    Plaintiffs have been damaged in an amount to be determined at trial.

<u>SECOND CAUSE OF ACTION</u>

(VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

119.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

120.    Defendants, in violation of 29 U.S.C. § 207(a)(1), have failed to pay Plaintiffs overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

121.    Defendants' failure to pay Plaintiffs, and the putative FLSA Class members, overtime compensation has been willful within the meaning of 29 U.S.C. § 255(a).

122.    Plaintiffs have been damaged in an amount to be determined at trial.

<u>THIRD CAUSE OF ACTION</u>

(VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

123.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

124.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants have had the power to hire and fire Plaintiffs, have controlled their terms and conditions of employment, and have determined the rates and methods of any compensation in exchange for their employment.

125.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiffs less than the minimum wage.

126.    Defendants' failure to pay Plaintiffs the minimum wage has been willful within the meaning of N.Y. Lab. Law § 663.

127.    Plaintiffs have been damaged in an amount to be determined at trial.

<u>FOURTH CAUSE OF ACTION</u>

**(VIOLATION OF THE OVERTIME PROVISIONS OF THE**

**NEW YORK STATE LABOR LAW)**

128.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

129.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

130.    Defendants' failure to pay Plaintiffs overtime compensation has been willful within the meaning of N.Y. Lab. Law § 663.

131.    Plaintiffs have been damaged in an amount to be determined at trial.

<u>FIFTH CAUSE OF ACTION</u>

**(VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**

**OF THE NEW YORK COMMISSIONER OF LABOR)**

132.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

133.    Defendants have failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours

in violation of NYLL §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-1.6.

134.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours has been willful within the meaning of New York Lab. Law § 663.

135.    Plaintiffs have been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## (VIOLATION OF THE NOTICE AND RECORDKEEPING
## REQUIREMENTS OF THE NEW YORK LABOR LAW)

136.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

137.    Defendants have failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

138.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## (VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW)

139.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

140.    With each payment of wages, Defendants have failed to provide Plaintiffs with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

141.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### (RECOVERY OF EQUIPMENT COSTS)

142.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

143.    Defendants have required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as bicycles, further reducing their wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

144.    Plaintiffs have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency

of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(c)     Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(d)     Declaring that the Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA have been willful as to Plaintiffs (including the prospective collective class members);

(f)     Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)  Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)  Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

(k)  Declaring that the Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(l)  Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order have been willful as to Plaintiffs;

(m)  Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(n)  Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)  Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)  Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(q)  Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

(r)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
August 22, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      /s/ Michael Faillace
Michael Faillace [MF-8436]
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

August 21, 2017

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Abraham Comunidad

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                          21 de agosto de 2017

# MICHAEL FAILLACE & ASSOCIATES, P.C.

### Employment and Litigation Attorneys

One Grand Central Place
60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620
Email: Faillace@employmentcompliance.com

August 21, 2017

BY HAND

To: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. (Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes).

Name / Nombre:                    Raymundo Vazquez Angel

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     August 21, 2017

*Certified as a minority-owned business in the State of New York.*