MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

RAYMUNDO VAZQUEZ ANGEL,
ABRAHAM COMUNIDAD, and
FRANCISCO MARIN RUIZ, *individually and*
*on behalf of others similarly situated,*

**17-CV-6360**

**FIRST AMENDED COMPLAINT**

*Plaintiffs*,

**COLLECTIVE ACTION UNDER 29**
**U.S.C. § 216(b)**

-against-

**ECF Case**

NG & LIN CO, INC (d/b/a SZECHUAN
KITCHEN), SAMMY LIN and CHUNG NG,

*Defendants.*

--------------------------------------------------------X

   Plaintiffs Raymundo Vazquez Angel, Abraham Comunidad, and Francisco Marin Ruiz,

individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through

their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as

against Ng & Lin Co, Inc. (d/b/a Szechuan Kitchen) ("Defendant Corporation") and Individual

Defendants Sammy Lin ("Defendant Lin") and Chung Ng ("Defendant Ng"), allege as follows:

 <u>**NATURE OF THE ACTION**</u>

   1.     Plaintiffs are former employees of defendants Ng & Lin Co, Inc. (d/b/a Szechuan

Kitchen), Sammy Lin and Chung Ng (collectively, "Defendants").

   2.      Defendants own(ed), operate(d), or control(led) a Chinese restaurant located at

1518 First Avenue #1, New York, NY 10075 under the name "Szechuan Kitchen."

3.      Upon information and belief, individual defendants Sammy Lin and Chung Ng serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiffs were ostensibly employed by Defendants as delivery workers and food preparers.

5.      However, when employed as delivery workers, Plaintiffs were required to spend a considerable part of their work day performing non-tipped duties including but not limited to, various restaurant duties such as cutting vegetables, meat, food preparation, cleaning the kitchen and the refrigerator, mopping and sweeping the floors, taking out the trash, taking apart and putting together boxes, and on occasion, washing dishes. (hereinafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for the hours that they worked each week.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they worked over 10 hours per day.

9.      Defendants employed and accounted for Plaintiffs as delivery workers in their payroll, but in actuality their duties required a significant amount of time spent in non-tipped, non-delivery duties.

10.     Regardless, Defendants paid these Plaintiffs at a rate that was lower than the required tip-credit rate.

11.    Under state law, Defendants were not been entitled to take a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday (12 N.Y.C.R.R. §146-2.9).

12.    Upon information and belief, Defendants employed the policy and practice of disguising Plaintiffs' actual duties in payroll records to avoid paying Plaintiffs at the minimum wage rate and to enable them to pay Plaintiffs at the lower tip-credited rate (which they still failed to do), by designating them as delivery workers instead of non-tipped employees.

13.    Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

14.    Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

15.    Plaintiffs seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

16.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

17.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims have occurred in this district, Defendants maintain(ed) their corporate headquarters and offices within this district, and Defendants operate(d) a Chinese restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

### *Plaintiffs*

18.    Plaintiff Raymundo Vazquez Angel ("Plaintiff Vazquez" or "Mr. Vazquez") is an adult individual residing in New York County, New York.  Plaintiff Vazquez was employed by Defendants from approximately July 30, 2016 until on or about August 24, 2017.

19.    Plaintiff Abraham Comunidad ("Plaintiff Comunidad" or "Mr. Comunidad") is an adult individual residing in Kings County, New York.  Plaintiff Comunidad was employed by Defendants from approximately August 2005 until on or about August 26, 2017.

20.    Plaintiff Francisco Marin Ruiz ("Plaintiff Ruiz" or "Mr. Ruiz") is an adult individual residing in Bronx County, New York.  Plaintiff Ruiz was employed by Defendants from approximately November 2015 until on or about August 30, 2017.

### *Defendants*

21.    At all relevant times, Defendants own(ed), operate(d), or control(led) a Chinese restaurant located at 1518 1st Avenue #1 New York, NY 10075 under the name "Szechuan Kitchen."

22.    Upon information and belief, Ng & Lin Co, Inc. ("Defendant Corporation") is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, Defendant Corporation maintains its principal place of business at 1518

- 4 -

1st Avenue #1 New York, NY 10075 and its executive office at 400 E. 76th Street #3W, New York, New York, 10021.

23.    Defendant Sammy Lin is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

24.    Defendant Sammy Lin is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation.

25.    Defendant Sammy Lin possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

26.    Defendant Chung Ng is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

27.     Defendant Chung Ng is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation.

28.    Defendant Chung Ng possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

29.     Defendants operate(d) a Chinese restaurant located in the Upper East Side of Manhattan.

30.     The individual defendants, Sammy Lin and Chung Ng possess or possessed operational control over Defendant Corporation, possess or possessed ownership interests in Defendant Corporation, and control or controlled significant functions of Defendant Corporation.

31.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

33.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. §§ 201 *et seq.* and the NYLL.

34.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

35.     Upon information and belief, individual defendants Sammy Lin and Chung Ng operate or operated Defendant Corporation as either an alter ego of themselves and/or fail or failed to operate Defendant Corporation as a legal entity separate and apart from themselves, by among other things:

a.  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity,

b.  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c.  transferring assets and debts freely as between all Defendants,

d.  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e.  operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or a closely controlled entity,

f.  intermingling assets and debts of their own with Defendant Corporation,

g.  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h.  other actions evincing a failure to adhere to the corporate form.

36.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

37.    In each year from 2011 to 2017, Defendants, both separately and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis were goods produced outside of the State of New York.

*Individual Plaintiffs*

39.     Plaintiffs are former employees of Defendants who were ostensibly employed as delivery workers and food preparers. However, when employed as delivery workers, they spent over 20 percent of their work hours performing the non-tipped/non-delivery duties described above.

40.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Raymundo Vazquez Angel*

41.     Plaintiff Vazquez was employed by Defendants from approximately July 30, 2016 until on or about August 24, 2017.

42.     Defendants ostensibly employed Plaintiff Vazquez as a delivery worker.

43.     However, Plaintiff Vazquez was also required to spend a significant portion of his work day performing the non-tip duties described above.

44.     Although Plaintiff Vazquez ostensibly was employed as a delivery worker, he spent over twenty percent of each work day performing the non-tip work described above.

45.     Plaintiff Vazquez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

46.     Plaintiff Vazquez's work duties required neither discretion nor independent judgment.

47.    Throughout his employment with Defendants, Plaintiff Vazquez regularly worked in excess of 40 hours per week.

48.    From approximately July 30, 2016 until on or about August 24, 2017, Plaintiff Vazquez worked from approximately 11:00 a.m. until on or about 10:00 p.m., Tuesdays through Fridays and from approximately 11:00 a.m. until on or about 10:15 p.m. on Saturdays and Sundays (typically 66.5 hours per week).

49.    Throughout his employment with Defendants, Plaintiff Vazquez was paid his wages in cash.

50.    From approximately July 30, 2016 until on or about August 24, 2017, Plaintiff Vazquez was paid a fixed salary of $325 per week.

51.    Plaintiff Vazquez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

52.    For example, Defendants required Plaintiff Vazquez to work an additional 15 minutes after his departure time at least two days every week and did not pay him for the additional time he worked.

53.    Plaintiff Vazquez was never notified by Defendants that his tips would be included as an offset for wages.

54.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Vazquez's wages.

55.    Defendants never granted Plaintiff Vazquez any breaks.

56.    No notifications, either in the form of posted notices or other means, were ever given to Plaintiff Vazquez regarding overtime and wages under the FLSA and NYLL.

57. Plaintiff Vazquez was not required to keep track of his time, nor to his knowledge did Defendants utilize any time tracking devices such as punch cards, that accurately reflected his actual hours worked.

58. Furthermore, Defendants never provided Plaintiff Vazquez with a statement of wages with each payment of wages, as required by NYLL § 195(3).

59. Defendants never provided any notice to Plaintiff Vazquez, in English and in Spanish (Plaintiff Vazquez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

60. Defendants required Plaintiff Vazquez to purchase "tools of the trade" with his own funds—including a bike, helmet, vest, chain, lock and raincoat.

*Plaintiff Abraham Comunidad*

61. Plaintiff Comunidad was employed by Defendants from approximately August 2005 until on or about August 26, 2017.

62. Defendants employed Plaintiff Comunidad as a food preparer and ostensibly as a delivery worker.

63. However, when employed as a delivery worker, Plaintiff Comunidad was also required to spend a significant portion of his work day performing the non-tip duties described above.

Although ostensibly employed as a delivery worker, Plaintiff Comunidad spent over twenty percent of each work day performing the non-tip work described above.

64. Plaintiff Comunidad regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

65.     Plaintiff Comunidad's work duties required neither discretion nor independent judgment.

66.     Throughout his employment with Defendants, Plaintiff Comunidad regularly worked in excess of 40 hours per week.

67.     From approximately August 2011 until on or about December 2014, Plaintiff Comunidad worked as a delivery worker from approximately 11:00 a.m. until on or about 10:00 p.m. or 10:15 p.m., Tuesdays through Sundays (typically 67.5 hours per week).

68.     From approximately December 2014 until on or about August 26, 2017, Plaintiff Comunidad worked as a food preparer from approximately 11:00 a.m. until on or about 10:00 p.m. or 10:15 p.m., Tuesdays through Sundays (typically 67.5 hours per week).

69.     Throughout his employment with Defendants, Plaintiff Comunidad was paid his wages in cash.

70.     From approximately August 2011 until on or about December 2014, Plaintiff Comunidad was paid a fixed salary of $300 per week.

71.     From approximately December 2014 until on or about August 15, 2017, Plaintiff Comunidad was paid a fixed salary of $550 per week.

72.     From approximately August 15, 2017 until on or about August 26, 2017, Plaintiff Comunidad was paid a fixed salary of $600 per week.

73.     Plaintiff Comunidad's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

74.     For example, Defendants regularly required Plaintiff Comunidad to work an additional 15 minutes after his departure time, and never paid him for the additional time he worked.

75.    Plaintiff Comunidad was never notified by Defendants that his tips would be included as an offset for wages.

76.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Comunidad's wages.

77.    Defendants never granted Plaintiff Comunidad any breaks during his employment.

78.    No notifications, either in the form of posted notices or other means, were ever given to Plaintiff Comunidad regarding overtime and wages under the FLSA and NYLL.

79.    Plaintiff Comunidad was never required to keep track of his time, nor to his knowledge did Defendants utilize any time tracking devices such as punch cards, that accurately reflected his actual hours worked.

80.    Furthermore, Defendants did not provide Plaintiff Comunidad with a statement of wages with each payment of wages, as required by NYLL § 195(3).

81.    Defendants never provided any notice to Plaintiff Comunidad, in English and in Spanish (Plaintiff Comunidad's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

82.    Defendants required Plaintiff Comunidad to purchase "tools of the trade" with his own funds—including two bicycles, locks, and chains.

*Plaintiff Francisco Marin Ruiz*

83.    Plaintiff Ruiz was employed by Defendants from approximately November 2015 until on or about August 30, 2017.

84.    Defendants employed Plaintiff Ruiz as a food preparer and ostensibly as a delivery worker.

85. However, when employed as a delivery worker, Plaintiff Ruiz was also required to spend a significant portion of his work day performing the non-tip duties described above.

Although ostensibly employed as a delivery worker, Plaintiff Ruiz spent over twenty percent of each work day performing the non-tip work described above.

86. Plaintiff Ruiz regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

87. Plaintiff Ruiz's work duties required neither discretion nor independent judgment.

88. Throughout his employment with Defendants, Plaintiff Ruiz regularly worked in excess of 40 hours per week.

89. From approximately November 2015 until on or about August 30, 2017, Plaintiff Ruiz worked from approximately 11:00 a.m. until on or about 9:30 p.m., Thursdays through Tuesdays (typically 63 hours per week).

90. Throughout his employment, Defendants paid Plaintiff Ruiz his wages in cash.

91. From approximately November 2015 until on or about December 2016, Defendants paid Plaintiff Ruiz a fixed salary of $305 per week.

92. From approximately January 2017 until on or about August 30, 2017, Defendants paid Plaintiff Ruiz a fixed salary of $325 per week.

93. Plaintiff Ruiz was never notified by Defendants that his tips would be included as an offset for wages.

94. Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Ruiz's wages.

95. No notifications, either in the form of posted notices or other means, were ever given to Plaintiff Ruiz regarding overtime and wages under the FLSA and NYLL.

96.    Plaintiff Ruiz was not required to keep track of his time, nor to his knowledge did Defendants utilize any time tracking devices such as punch cards, that accurately reflected his actual hours worked.

97.    Furthermore, Defendants did not provide Plaintiff Ruiz with a statement of wages with each payment of wages, as required by NYLL § 195(3).

98.    Defendants never gave any notice to Plaintiff Ruiz, in English and in Spanish (Plaintiff Ruiz's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

99.    Defendants required Plaintiff Ruiz to purchase "tools of the trade" with his own funds—including three bicycles, two locks, and two chains.

*Defendants' General Employment Practices*

84.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, overtime and spread of hours pay as required by federal and state laws.

85.    Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

86.    Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

87.    At no time did Defendants inform Plaintiffs that they reduced their hourly wages by a tip allowance.

88.    Defendants habitually required Plaintiffs to work additional time beyond their regular shifts but did not provide them with any additional compensation.

89.    Defendants required Plaintiffs to perform general non-tipped restaurant tasks in addition to their primary duties as delivery workers.

90.    Plaintiffs were employed ostensibly as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-tipped duties.

91.    These Plaintiffs were not even paid at a lowered tip-credited rate by Defendants.

92.    However, under state law, Defendants were not entitled to a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday (12 N.Y. C.R.R. § 146).

93.    New York State regulations provide that an employee cannot be classified as a tipped employee "on any day… in which he was assigned to work in an occupation in which tips are not customarily received."  (12 N.Y.C.R.R. §§146). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

94.    Plaintiffs' duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated general restaurant work with duties including the non-tipped duties described above.

95.    In violation of federal and state law, as discussed above, Defendants classified Plaintiffs as tipped employees but did not even pay them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

96.    Defendants failed to inform Plaintiffs that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

97.     Defendants failed to inform Plaintiffs that their tips would be credited towards the payment of the minimum wage.

98.     Defendants failed to maintain a record of tips earned by Plaintiffs for the deliveries they made to customers.

99.     All Plaintiffs were paid their wages entirely in cash.

100.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

101.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

102.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

103.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

104.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

105.    Defendants failed to provide Plaintiffs and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL § 195(3).

106.    Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law § 195(1).

## FLSA COLLECTIVE ACTION CLAIMS

107.    Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

108.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or were similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the minimum wage,overtime at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek, willfully taking improper wage deductions and other improper credits against Plaintiffs' wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

109.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

110.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

111.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

112.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

113.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

114.    In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiffs at the applicable minimum hourly rate.

115.    Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

116.    Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

117.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

118.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

119.    Defendants' failure to pay Plaintiffs, and the putative FLSA Class members, overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

120.    Plaintiffs were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

121.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

122.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

123.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

124.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

125.    Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## (VIOLATION OF THE OVERTIME PROVISIONS OF THE

## NEW YORK STATE LABOR LAW)

126.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

127.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

128.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

129.    Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR)

130.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

131.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-1.6.

132.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

133.    Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### (VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW)

136.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

137.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195(1).

138.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### (VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW)

139.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

140.    With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross

wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL § 195(3).

141.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### (RECOVERY OF EQUIPMENT COSTS)

142.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

143.    Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as bicycles, further reducing their wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

144.    Plaintiffs were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs (including the prospective collective class members);

(f)     Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of

the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(l)      Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order was willful as to Plaintiffs;

(m)      Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(n)      Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§ 198(1-b), 198(1-d);

(o)      Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)      Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(q)       Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

(r)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)      All such other and further relief as the Court deems just and proper.

**JURY DEMAND**

- 24 -

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
       October 23, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    /s/ Michael Faillace
       Michael Faillace [MF-8436]
       MICHAEL FAILLACE & ASSOCIATES, P.C.
       60 East 42nd Street, Suite 4510
       New York, New York 10165
       Telephone: (212) 317-1200
       Facsimile: (212) 317-1620

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

———————

Faillace@employmentcompliance.com

August 23, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Francisco Marin Ruiz

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                 *Francisco Marin Ruiz*

Date / Fecha:                      23 de agosto de 2017