# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510                                      Telephone: (212) 317-1200
New York, New York 10165                                             Facsimile: (212) 317-1620

April 27, 2018

**VIA ECF**

Hon. Edgardo Ramos
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

          **Re:**   *Vazquez Angel, et al v. NG & Lin Co, Inc., et al.*
                Case No. 17-cv-6360

Your Honor:

      This office represents Plaintiffs Raymundo Vazquez Angel, Abraham Comunidad and Francisco Marin Ruiz ("Plaintiffs") in the above-referenced matter. We submit this letter, together with Defendants' counsel, to respectfully request that the Court approve the settlement reached between Plaintiffs and Defendants NG & Lin Co, Inc (d/b/a Szechuan Kitchen), Sammy Lin and Chung Ng ("Defendants" and together with Plaintiffs, the "Parties").

      The Parties have agreed to a negotiated Settlement Agreement (the "Agreement") after extensive settlement discussions. The proposed Agreement is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

      The Parties represent to the Court that while the Plaintiffs believe that the settlement amount is less than what they would be entitled to if they prevailed at trial, that the settlement is fair, as discussed herein.

**Background**

      Plaintiffs were employed by Defendants to work at a Chinese restaurant located at 1518 First Avenue, New York, New York 10075 under the name "Szechuan Kitchen."

      Plaintiff Raymundo Vazquez Angel ("Plaintiff Vazquez") was employed by Defendants as a delivery worker from approximately July 30, 2016 until on or about August 24, 2017. From approximately July 30, 2016 until on or about August 24, 2017, Plaintiff Vazquez worked approximately 66.5 hours per week. Throughout his employment, Plaintiff Vazquez was paid his wages in cash. Throughout his entire employment with Defendants, Plaintiff Vazquez was [aod a fixed salary of $325 per week.

      Plaintiff Abraham Comunidad ("Plaintiff Comunidad") was employed as a delivery worker by Defendants from approximately August 2005 until on or about August 26, 2017. From

approximately August 2011 until on or about December 2014, Plaintiff Comunidad worked approximately 67.5 hours per week. From approximately December 2014 until on or about August 26, 2017, Plaintiff Comunidad worked 67.5 hours per week. From approximately August 2011 until on or about December 2014, Plaintiff Comunidad was paid his wages in cash. From approximately August 2011 until on or about December 2014, Plaintiff Comunidad was paid a fixed salary of $300 per week. From approximately December 2014 until on or about August 15, 2017, Plaintiff Comunidad was paid a fixed salary of $550 per week. From approximately August 15, 2017 until on or about August 26, 2017, Plaintiff Comunidad was paid a fixed salary of $600 per week.

Plaintiff Francisco Marin Ruiz ("Plaintiff Ruiz") was employed by Defendants as a food preparer and delivery worker from approximately November 2015 until on or about August 30, 2017. Throughout his employment with Defendants, Plaintiff Ruiz worked approximately 63 hours per week. Throughout his employment, Plaintiff Ruiz was paid his wages in cash. From approximately November 2015 until on or about December 2016, Defendants paid Plaintiff Ruiz a fixed salary of $305 per week. From approximately January 2017 until on or about August 30, 2017, Defendants paid Plaintiff Ruiz a fixed salary of $325 per week.

Plaintiffs therefore brought this action seeking to recover unpaid minimum and overtime wages, spread of hours, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 et seq., and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6.

Defendants deny Plaintiffs' allegations. Defendants assert that they paid Plaintiff correctly for all hours worked. Defendants further dispute the hours Plaintiffs worked and their time off. Defendants further assert that even if Plaintiffs were to succeed at trial, that Defendants have an inability to pay and it would be difficult for Plaintiffs to collect on any judgment they receive. Indeed, Defendants have represented that they have been out of business since shortly after Plaintiffs' employment ended. Defendants further represented that the individual Defendants have not been working and have no source of income. After weighing the risks of trial and costs of further litigation, the Parties have reached an agreement at an early stage.

**Settlement**

The Parties have agreed to resolve this action for the total sum of $95,000.00 which will be paid as outlined in **Exhibit A**. The Plaintiffs estimated that, in a best case scenario, they would be entitled to approximately $201,588.00 in minimum and overtime base damages ($27,417.00 for Plaintiff Vazquez, $135,062.50 for Plaintiff Comunidad and $39,108.50 for Plaintiff Ruiz). However, if Defendants were to succeed in proving that Plaintiffs were paid correctly, they estimate that the Plaintiffs would be entitled to much less.

Sixty-Three Thousand Three-Hundred and Thirty-Three Dollars and Thirty-Three Cents ($63,333.33) of the settlement amount will be paid to the Plaintiffs, with $8,866.67 to Plaintiff Vazquez, $41,799.99 to Plaintiff Comunidad and $12,666.67 to Plaintiff Ruiz. The remaining

Hon. Edgardo Ramos
April 27, 2018
Page 3 of 5

Thirty-One Thousand Six Hundred and Sixty-Six dollars and Sixty-Seven Cents ($31,666.67) will be applied as attorneys' fees and costs.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)).  Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 225 (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to the Plaintiffs.  Plaintiffs have been represented by counsel throughout this lawsuit and has made an informed decision to settle the action at an early stage of litigation, without incurring the costs or encumbrance of lengthy litigation and trial.  The Sixty-Three Thousand Three-Hundred and Thirty-Three Dollars and Thirty-Three Cents ($63,333.33) that they will be receiving accounts for their alleged unpaid minimum and overtime wages that they could have potentially recovered at trial, as well as attorneys' fees.  This recovery is also well over what the Plaintiffs would recover if Defendants were to successfully prove that Plaintiffs was paid properly, worked fewer hours, took time off and/or what Plaintiffs would be able to collect from Defendants if they succeeded at trial.  Furthermore, the Agreement is the product of arm's-length bargaining between experienced counsel and there is no possibility of fraud or collusion.

### **The Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the settlement, Plaintiffs' counsel will receive $31,666.67 from the settlement fund as attorneys' fees and costs.  This represents one-third of the Settlement amount, a reduction in fees from what is identified in the Plaintiffs' retainer agreement, which provides that forty percent of the Plaintiffs' recovery will be retained by the firm.

The amount provided to the Plaintiffs' counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit").  In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See* Alleyne v. Time

Hon. Edgardo Ramos
April 27, 2018
Page 4 of 5

Moving & Storage Inc., 264 F.R.D. at 60; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given the Plaintiffs' counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, the Plaintiffs' counsel was able to obtain a favorable pre-trial result due to the Parties' cooperative exchange of information and frequent negotiations.

Attached hereto as **Exhibit B**, are the Plaintiffs' attorneys' time records. A brief biography of each attorney who performed billed work in this matter is as follows:

- Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

- Sara Isaacson is an associate at Michael Faillace & Associates, P.C. She graduated from Benjamin N. Cardozo School of Law in 2015. During law school, Ms. Isaacson worked as a law clerk at the employment firm of Virginia & Ambinder, LLP. After graduating law school, Ms. Isaacson worked at a commercial litigation firm which also specialized in the defense of wage and hour litigation. Since joining Michael Faillace & Associates, P.C. in May 2017, she has been responsible for all aspects of the firm's employment docket in federal court.

The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and the Plaintiff has agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

**Conclusion**

Plaintiffs have been represented by counsel throughout this lawsuit, and Plaintiffs' counsel has agreed to the settlement amount based on the approval of their clients. Plaintiffs' interests have thus been adequately safeguarded.

In full consideration of the issues presented in *Cheeks,* we believe that the Parties' agreement is fair and reasonable, and that the settlement should be approved. A Stipulation of Final Dismissal will be filed for so-ordering after execution of the agreement and upon receipt of confirmation from the Court that the settlement has been approved.

Hon. Edgardo Ramos
April 27, 2018
Page 5 of 5

        Thank you for your consideration in this matter.

                                                        Respectfully Submitted,

                                                        /s/ Michael Faillace
                                                        Michael Faillace, Esq.
                                                        Michael Faillace & Associates, P.C.
                                                        *Attorneys for Plaintiffs*

cc:    Matthew Brown, Esq. (via ECF)
        *Attorney for Defendants*