## SETTLEMENT AGREEMENT

This Agreement and Release ("Agreement") sets forth the mutual understanding between Raymundo Vazquez Angel, Abraham Comunidad, Francisco Marin Ruiz, Ng & Lin Co, Inc (d/b/a Szechuan Kitchen), Sammy Lin and Chung Ng regarding Raymundo Vazquez Angel, Abraham Comunidad and Francisco Marin Ruiz's employment and the settlement of their Fair Labor Standards Act and New York Labor Law claims they have or may have concerning their employment at Szechuan Kitchen.

**WHEREAS**, Raymundo Vazquez Angel, Abraham Comunidad and Francisco Marin Ruiz have filed a case against in the United States District Court, Southern District of New York, entitled <u>Raymundo Vazquez Angel, Abraham Comunidad and Francisco Marin Ruiz v. Ng & Lin Co, Inc. (d/b/a Szechuan Kitchen), Sammy Lin and Chung Ng</u>, Docket No.: 17-cv-6360 (ER) (the "Action").

**WHEREAS**, Defendants in the Action have denied all claims alleged in the Action;

**WHEREAS**, the parties to the Action mutually desire to settle and resolve all claims, disputes and differences between them, on the terms and conditions hereinafter set forth;

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, the parties to the Action, each having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1. **Definition of Parties.**

    (a) "Releasors" is defined as Raymundo Vazquez Angel, Abraham Comunidad and Francisco Marin Ruiz and includes each of their present or former creditors, executors, administrators, heirs, successors and assigns. If an obligation or right is that alone of Raymundo Vazquez Angel, Abraham Comunidad and Francisco Marin Ruiz, they will be referred to as "Plaintiffs"; and,

    (b) "Released Parties" is defined to include (i) Sammy Lin, (ii) Chung Ng, and (iii) Ng & Lin Co, Inc (d/b/a Szechuan Kitchen) and its present or former parent corporations, subsidiaries, divisions, affiliated entities, predecessors, consultants, insurers, reinsurers, successors and assigns, and their current and former employees, attorneys, officers, board members, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries and any otherwise related persons or entities.

2. **Plaintiffs' Commitments.** In exchange for the promises set forth in paragraph "4" below, Plaintiffs agree to submit a motion for approval by the Court of this Agreement and execute all documents that may be needed to settle, waive, dismiss and withdraw, with prejudice, all claims under the Fair Labor Standards Act and New York Labor Law that Plaintiffs have or may have in the future through the date of execution of this Agreement.

3. **Limited Release of All Fair Labor Standards Act Claims by Plaintiffs.**

(a) <u>Release of Fair Labor Standards Act and New York Labor Law Claims</u>. Releasors knowingly and voluntarily release and forever discharge the Released Parties of and from any and all claims of any kind or nature, whether known or unknown, asserted or unasserted, arising up to and as of the date of the execution of this Agreement under the Fair Labor Standards Act ("FLSA") and New York labor Law ("NYLL") (and affiliated rules and regulations), which Releasors have or may have against Released Parties, and also covenants not to file any claim or suit alleging a violation of the FLSA and/or NYLL.

(b) <u>Collective/Class Action Waiver</u>. Plaintiffs waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on any FLSA and/or NYLL claim in which Released Parties are a party. In the event any class or collective action is brought against Released Parties pursuant to the FLSA and/or NYLL, which includes or may include Plaintiffs, upon learning of any of the Plaintiffs' inclusion, Plaintiffs immediately shall withdraw therefrom without obtaining or accepting any relief or recovery.

(c) Plaintiffs acknowledge that they may discover facts or law different from, or in addition to, the facts or law they know or believe to exist with respect to their released claims. They agree, nonetheless, that this Agreement and the release contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

4. **Consideration.**

(a) In exchange for the promises made herein by Plaintiffs and subject to the United States District Court Southern District of New York's (the "Court") approval of this Agreement, Defendants in the Action shall cause Plaintiffs to be paid the gross total sum of ninety-five thousand dollars ($95,000.00) (the "Payment") payable within thirty (30) days after the Court's approval of this Agreement as follows:

(1) One check payable to "Michael Faillace & Associates, P.C., as attorneys for Plaintiffs" in the amount of $95,000 for which Defendants will issue an IRS Form 1099 (the "Settlement Check").

(2) The Settlement Check will be sent to Plaintiffs' attorneys, Sara Isaacson, Esq., Michael Faillace & Associates, P.C., 60 East 42nd Street, Suite 4510, New York, NY 10165, within thirty (30) days of the Court's approval of the Agreement.

(b) The Payment is in consideration of a complete settlement, release and waiver of all claims under the FLSA and NYLL, known or unknown, asserted or unasserted, that Releasors may have against Released Parties.

(c) Plaintiffs shall be solely responsible for the payment of any taxes owed on the 1099 portion of the Payment. Plaintiffs represent that no tax advice has been given to them by Released Parties or their representatives and they understand that Released Parties make

no representation or guarantee as to the tax consequences of these payments. Plaintiffs hereby agree to indemnify and hold harmless Released Parties in connection with any tax liabilities and/or interest, penalties, or costs that may be incurred by Plaintiffs for any failure by any of them to properly report the payment.

        (d)    In the event Released Parties are in default of any payment in paragraph 1(a) of this Agreement, Releasors shall provide seven (7) calendar days written notice to Released Parties via E-mail and facsimile sent to Matthew A. Brown, Esq., Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, New York 11042, fax number: (516) 328-0082, of the default. If Released Parties do not cure the defect within seven (7) days of receipt of the notice then all settlement monies owed under this Agreement shall be immediately due in their entirety.

5.    **Settlement Approval.**

Plaintiffs shall file a motion seeking the Court's approval of this Agreement. This Agreement is contingent upon the Court's approval of this settlement agreement and dismissal of all of Plaintiffs' claims, with prejudice.

6.    **Non-Admission of Wrongdoing.** Defendants in the Action deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings, proceeding, document or statement whatsoever by or on behalf of Plaintiffs against Released Parties. Neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by Defendants in the Action of guilt or noncompliance with the Fair Labor Standards Act and/or New York Labor Law.

7.    **Resolution of Disputes.** Any controversy or claim relating to this Agreement, as well as any other claim or dispute between or among the parties, shall be resolved in a proceeding held in and before a New York court by a judge sitting without a jury, to ensure rapid adjudication of any such claims and proper application of existing law.

8.    **No Waiver.** Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

9.    **Section Headings.** Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

10.    **Entire Agreement.**

        (a)    This Agreement represents the complete understanding among the Parties with respect to all claims under the FLSA and NYLL that Plaintiffs have or may assert against Released Parties and shall be interpreted under New York law, without regard to its conflict or choice of laws provisions;

(b) This Agreement is the product of mutual negotiations among the parties with the assistance of counsel and shall not be construed against any party as the primary author of the Agreement; and

(c) Plaintiffs acknowledge that they have not relied on any representation, promise, or agreement of any kind made to them in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

11. **Competence to Waive Claims.** Plaintiffs are competent to affect a knowing and voluntary release of all of their FLSA and NYLL claims, as contained herein, and to enter into this Agreement and is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired to the extent that they lack a clear and complete understanding of this Agreement. Plaintiffs are not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle his FLSA and NYLL claims, to waive all claims and to indemnify Released Parties from any claims by or relating to Releasor.

12. **Execution.**

(a) The meaning, effect and terms of this Agreement have been fully explained to Plaintiffs by their counsel, Michael Faillace & Associates, P.C. Plaintiffs fully understand that this Agreement releases, settles, bars and waives any and all claims that they could possibly have against Released Parties under the FLSA and NYLL. Plaintiffs selected their counsel voluntarily;

(b) Plaintiffs confirm they have not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Released Parties to execute this Agreement; and,

(c) This Agreement may be executed in counterparts and each counterpart shall, for all purposes, be deemed to be an original and in full force and effect and all such counterparts shall together constitute one and the same document. A signed .pdf copy shall, for all purposes, be deemed an original and in full force and effect. However, the Agreement will not be binding on Released Parties, and Released Parties until after authorized agents of the Company execute the Agreement and the Agreement is approved by the Court.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 4 ABOVE, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA AND NYLL CLAIMS THEY HAVE OR MIGHT HAVE AGAINST RELEASED PARTIES.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: __17 O4__, 2018      By: _____
                                 RAYMUNDO VAZQUEZ ANGEL

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF __NY__    )

MICHAEL FAILLACE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6120964
Qualified In New York County
My Commission Expires January 03, 20__

On the __17__ day of __April__ in the year 2018, before me, the undersigned notary public, Raymundo Vazquez Angel personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

_____
Signature and Office of individual
taking acknowledgment

Dated: __04-17__, 2018      By: _____
                                 ABRAHAM COMUNIDAD

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF _____ )

MICHAEL FAILLACE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6120964
Qualified In New York County
My Commission Expires January 03, 20__

On the __17__ day of __April__ in the year 2018, before me, the undersigned notary public, Abraham Comunidad personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

_____
Signature and Office of individual
taking acknowledgment

Dated: __04-17__, 2018      By: _____
                                 FRANCISCO MARIN RUIZ

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF _____ )

MICHAEL FAILLACE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6120964
Qualified In New York County
My Commission Expires January 03, 20__

On the __17__ day of __April__ in the year 2018, before me, the undersigned notary public, Francisco Marin Ruiz personally appeared and proved to me, on the basis of satisfactory

5

evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

_____
Signature and Office of individual
taking acknowledgment

NG & LIN CO, INC (d/b/a SZECHUAN KITCHEN)

Dated: _____, 2018       By: _____

Dated: _____, 2018       _____
                              Sammy Lin, Individually

Dated: _____, 2018       _____
                              Chung Ng, Individually

6

On the ____ day of _____ in the year 2018, before me, the undersigned notary public, Francisco Marin Ruiz personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

_____
Signature and Office of individual
taking acknowledgment

NG & LIN CO, INC (d/b/a SZECHUAN KITCHEN)

Dated: 4/23, 2018    By: _____

Dated: 4/23, 2018    _____
                     Sammy Lin, Individually

Dated: 4/23, 2018    _____
                     Chung Ng, Individually