USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 5/17/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RAYMUNDO VAZQUEZ ANGEL, ABRAHAM
COMUNIDAD, and FRANCISCO MARIN RUIZ,
*on behalf of themselves and all other persons
similarly situated,*

                Plaintiffs,

– against –

NG & LIN CO, INC., SAMMY LIN, and CHUNG
NG,

                Defendants.

**ORDER**

17 Civ. 6360 (ER)

---

Ramos, D.J.:

      On August 22, 2017, Plaintiffs Raymundo Vazquez Angel, Abraham Comunidad, and Francisco Marin Ruiz, on behalf of themselves and similarly situated plaintiffs, brought this collective action under the Fair Labor Standards Act ("FLSA"), 9 U.S.C. § 201 et seq. and New York Labor Law ("NYLL"), §§ 190 & 650 for unpaid minimum, overtime and spread-of-hours wages against Ng & Lin Co, Inc. and its owners Sammy Lin and Chung Ng (collectively "Defendants"). Doc. 1. On April 27, 2018, the parties submitted an application for the Court to approve the parties' agreement settling Plaintiff's claims (the "Agreement") and to dismiss the case with prejudice. *See* Doc. 29, Ex. 1 ¶ 5.

      In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015

WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). For the reasons discussed below, the Court approves the Agreement.

"In order to evaluate the fairness of a proposed settlement, the parties must provide the court with enough information to evaluate 'the bona fides of the dispute.'" *Gaspar v. Pers. Touch Moving, Inc.*, No. 13 Civ. 8187 (AJN), 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015). The Court's inquiry into the substantive reasonableness of a FLSA settlement requires the parties to submit, among other things, a comparison of Plaintiff's range of possible damages with the final settlement amount, and an explanation of the case-specific litigation risks and other factors that justify the discrepancy between the potential value of Plaintiff's claims and the settlement amount, if any. *See, e.g., Jesus v. PS Bros. Gourmet*, No. 15 Civ. 99 (WHP), 2015 WL 9809999, at *1 (S.D.N.Y. Dec. 18, 2015) (approving FLSA settlement where plaintiff submitted "a detailed breakdown of the total damages assessed for minimum wage, overtime, and spread-of-hours violations; New York and federal liquidated damages; interest; and pay stub violation"); *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007 (VSB), 2015 WL 9161791, at *1 (S.D.N.Y. Dec. 14, 2015) (approving settlement after parties "submitted a letter detailing why they believe the settlement reached in this action, and the contemplated attorney's fees, are fair and reasonable").

The Agreement provides for a total settlement of $95,000, inclusive of legal fees and costs. Doc. 29, Ex. 1 ¶ 4. Of the total settlement, Plaintiffs will receive $63,333.33, with Vazquez receiving $8,866.67, Comunidad receiving $41,799.99, and Ruiz receiving $12,666.67. Doc. 29 at 2. The remaining one-third, or $31,666.67, is payable to Plaintiffs' attorneys, Michael Faillace & Associates, P.C., for attorneys' fees and costs. *Id.* at 3. The Court is satisfied that the

2

parties have adequately justified the dollar amounts constituting the settlement. The settlement value is approximately 50% of Plaintiffs' total best case recovery, and is estimated to be significantly more than what Plaintiffs would be owed if Defendants were to prevail at trial. *Id.* at 2–3. Thus, the Court finds this settlement amount to be a very substantial portion of the maximum recovery possible. *See Beckert*, 2015 WL 8773460, at *2 (finding settlement equal to 25% of maximum possible recovery sufficient). Moreover, the Court finds this settlement amount to be fair and reasonable, in view of counsels' ability to settle the action at an early stage of litigation and Defendants' dispute of the factual allegations advanced by Plaintiffs. Doc. 29 at 3. Finally, the Court notes that the parties claim to have engaged in good-faith, arms-length negotiations. *Id.*

The Court also concludes that the attorneys' fees of one-third of the settlement is reasonable, and supported by counsels' billing records, which detail the type of work performed and the hours logged by each attorney. Doc. 29, Ex. 2; *see Najera v. Royal Bedding Co., LLC*, No. 13 Civ. 1767 (NGG) (MDG), 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) ("one-third contingency fees . . . are commonly accepted in the Second Circuit in FLSA cases"); *Garcia v. Jambox, Inc.*, No. 14 Civ. 3504 (MHD), 2015 WL 2359502, at *6 (S.D.N.Y. Apr. 27, 2015) ("In this circuit, a proper fee request entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done. That requirement extends to parties seeking approval of a settlement that allocates a portion of the proceeds to the attorney."). The reasonableness of counsel's fee is also supported by cross-reference the lodestar method. The lodestar is the "product of a reasonable hourly rate and the reasonable number of hours required by the case—which creates a presumptively reasonable

3

fee." *Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13-cv-6667, 2015 WL 5122530, at *2 (S.D.N.Y. Aug. 31, 2015) (quoting *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014)). Here, Mr. Faillace, an attorney with over 30 years of experience, and an associate, worked 20 hours on this matter, at a combined per hour billing rate of approximately $312. Doc. 29, Ex. 2. That rate is within the range of reasonable hourly rates for similarly experienced attorneys. *See e.g., Jean v. Auto & Tire Spot Corp.*, No. 09–CV–5394, 2013 WL 2322834, at *6 (E.D.N.Y. May 28, 2013) (rates for "experienced attorneys handling FLSA cases . . . usually range from $300 to $400 per hour"). The Court is therefore satisfied with the billing rates assigned to Plaintiffs' counsel and the number of hours spent on each task. Based on the information provided, the Court concludes that the requested attorneys' fees and costs are objectively reasonable.

Finally, the Court finds that the Agreement itself passes *Cheeks*' scrutiny, as its release provision is narrowly tailored to wage-and-hour claims and the Agreement does not contain any restrictive confidentiality or future employment clauses. *See generally* Doc. 29, Ex. 1.

Accordingly, the parties' request for approval of the proposed settlement is GRANTED. SO ORDERED.

Dated:   May 17, 2018
         New York, New York

                                                        _____
                                                             Edgardo Ramos, U.S.D.J.